```
 1              IN THE UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
 2                      NASHVILLE DIVISION

 3
    UNITED STATES OF AMERICA          )
 4                                    )
                                      )
 5       v.                           ) 3:18-cr-00293
                                      ) JUDGE RICHARDSON
 6                                    )
    JORGE FLORES, ET AL.              )
 7                                    )
                                      )
 8   -----------------------------------------------------------

 9

10

11

12

          BEFORE THE HONORABLE ELI J. RICHARDSON, DISTRICT JUDGE
13

14
                        TRANSCRIPT OF PROCEEDINGS
15
                         TRIAL VOLUME 18 of 18
16

17
                            May 2, 2023
18

19

20

21

22   -----------------------------------------------------------

23   DEBORAH K. WATSON, RPR, CRR
     Official Court Reporter
24   713 Church Street, Suite 2300
     Nashville, TN 37203
25   debbie_watson@tnmd.uscourts.gov
```

```
 1   APPEARANCES:

 2

 3   For the Government:

 4               AHMED A. SAFEEULLAH
                 BROOKE C. FARZAD
 5               U. S. Attorney's Office
                 Middle District of Tennessee
 6               719 Church Street, Suite 3300
                 Nashville, TN 37203
 7               (615) 736-5151
                 Email: ahmed.safeeullah@usdoj.gov
 8               Email: brooke.farzad@usdoj.gov

 9               MATTHEW KEVIN HOFF
                 Department of Justice
10               Organized Crime and Racketeering Sect
                 1301 New York Avenue, 7th Floor
11               Washington, DC 20005
                 (202) 598-8093
12               Email: matthew.hoff2@usdoj.gov

13

14   For the Defendant, Jorge Flores:

15               LEONARD E. LUCAS, III
                 The Law Firm of Leonard Earl Lucas
16               315 Deaderick Street, Suite 1550
                 Nashville, TN 37238
17               (301) 204-6498
                 Email: leonard.lucas@lellawfirm.com

18

19

20

21

22

23

24

25
```

```
1    APPEARANCES   (Continued):

2


3    For the Defendant, Jose Pineda-Caceres:

4              THOMAS F. BLOOM
                911 Marengo Lane
5              Nashville, TN 37204
                (615) 260-5952
6              Email: tfbloom1@comcast.net

7              GEORGE TRAVIS HAWKINS
                Hawkins Law Firm, PLLC
8              735 Broad Street, Suite 305
                Chattanooga, TN 37402
9              (615) 599-1010
                Email: travis@travishawkins.com
10

11
     For the Defendant, Kevin Tidwell:
12
                MATTHEW C. GULOTTA
13              The Gulotta Firm, PLLC
                202 Adams Avenue
14              Memphis, TN 38103
                (901) 213-6648
15              Email: matt@gulottalaw.net

16

17

18

19

20

21

22

23

24

25
```

I N D E X

                                                    Page

VERDICT OF THE JURY                                  6

POLLING OF THE JURY                                  25

JURY DISCHARGED FROM FURTHER SERVICE                 30

1                              *   *   *

2          **The above-styled cause came on to be heard at**

3    **2:24 p.m. on May 2, 2023, before the Honorable Eli J.**

4    **Richardson, District Judge, when the following proceedings**

5    **were had, to-wit:**

6

7          **THE COURT:**  All right.  The Court notes that this

8    is our first time in court here today on May the 2nd.  Looks

9    like all counsel are here except for Ms. Hood-Schneider and

10   Mr. Ganguli.  But each of the defendants is represented by

11   at least one attorney, and all counsel for the government

12   are here.

13          We had distributed a note that we had received

14   signed by the foreperson saying:  "We have come to unanimous

15   agreement on all counts, and we are ready to proceed,"

16   signed by the foreperson and dated today.

17          All right.  Any preliminary matters, or are we

18   ready to call in the jurors and address the verdicts?

19          **MR. SAFEEULLAH:**  Nothing from the United States.

20          **THE COURT:**  Thank you.

21          Counsel?  Nothing?

22          All right.  You can call in the jurors.

23          (WHEREUPON, the jury re-entered the courtroom at

24   2:25 p.m., with matters being heard in open court as

25   follows:)

| | |
|---|---|
| 1 | **THE COURT:** Thank you. Please be seated. |
| 2 | All right. Mr. Foreperson, we have received a |
| 3 | note from you indicating that you've received -- or that you |
| 4 | have come to a unanimous verdict on all counts; is that |
| 5 | correct? |
| 6 | **JURY FOREPERSON:** Yes, sir. |
| 7 | **THE COURT:** All right. Thank you, sir. You may |
| 8 | pass to the court officer the verdict forms. |
| 9 | (Respite.) |
| 10 | **THE COURT:** All right. Here is how we will |
| 11 | proceed. I'm going to read each of the verdict forms in |
| 12 | turn, and I'll pick a random order with respect to the order |
| 13 | of defendants. And then after reading them, I will have |
| 14 | them published to the attorneys but not before polling the |
| 15 | jurors, meaning I will ask each of them if it is their |
| 16 | verdict. And after we do that, we'll publish the verdict |
| 17 | form to the attorneys and then we'll go from there. |
| 18 | All right. The Court will begin with the verdict |
| 19 | form for Mr. Flores. |
| 20 | And the verdict forms reads as follows. We will |
| 21 | go count by count. |
| 22 | We, the jury, unanimously find the following: |
| 23 | With respect to the charge in Count 1 of the |
| 24 | indictment, RICO conspiracy, we unanimously find the |
| 25 | defendant, Jorge Flores: |

1    Guilty.

2    The jurors were instructed that if they found the

3    defendant guilty on Count 1, to proceed to three questions

4    below.  Here are the answers to the three questions.  No. 1

5    asked for a yes-or-no answer on the following:

6    We, having found the defendant guilty of the

7    offense charged in Count 1, further unanimously find that as

8    part of that offense, the defendant, on or about May 21st,

9    2017, did intentionally and with premeditation, kill Ammerli

10    Garcia-Munoz or aided and abetted the killing in violation

11    of Tennessee Code Annotated, Sections 39-13-202, 39-11-401,

12    and 39-11-402 as alleged in special sentencing factor No. 3,

13    paragraph 27 of the indictment.  Check one.

14    Yes.

15    Question No. 2.  We, having found the defendant

16    guilty of the offense charged in Count 1, further

17    unanimously find that as part of that offense, the

18    defendant, on or about May 27th, 2017, did intentionally and

19    with premeditation kill Jesus Flores or aided and abetted

20    the killing in violation of Tennessee Code Annotated,

21    Sections 39-13-202, 39-11-401, and 39-11-402 as alleged in

22    Special Sentencing Factor No. 4., paragraph 28, of the

23    indictment.

24    Yes.

25    No. 3.  We, having found the defendant guilty of

1   the offense charged in Count 1, further unanimously find
2   that as part of that offense, the defendant, on or about
3   September 24th, 2017, did intentionally and with
4   premeditation kill Arling Laines or aided and abetted the
5   killing in violation of Tennessee Code Annotated, Sections
6   39-13-202, 39-11-401, and 39-11-402 as alleged in Special
7   Sentencing Factor No. 7, paragraph 31, of the indictment.
8               Yes.
9               Count 2.  With respect to the charge in Count 2
10  of the indictment, conspiracy to distribute and possess with
11  the intent to distribute cocaine and marijuana, we
12  unanimously find the defendant, Jorge Flores:
13              Guilty.
14              The jury was instructed to proceed to a question
15  below if it found the defendant guilty on Count 2, so I will
16  read that question.
17              We, having found the defendant guilty of the
18  offense charged in Count 2, further unanimously find that as
19  part of that offense, the defendant conspired to distribute
20  or possessed with the intent to distribute cocaine, and that
21  it was foreseeable to the defendant that the conspiracy
22  involved the distribution of or possession with the intent
23  to distribute the following:
24              Asked to select one quantity range, the jury
25  selected:  500 grams or more of cocaine.

1        Next, Count 11.  With respect to the charge in

2  Count 11 of the indictment, conspiracy to commit murder in

3  aid of racketeering of Roberto Viera, we unanimously find

4  the defendant, Jorge Flores:

5        Guilty.

6        Count 12.  With respect to the charge in Count 12

7  of the indictment, attempted murder in aid of racketeering

8  of Roberto Viera, we unanimously find the defendant, Jorge

9  Flores:

10        Guilty.

11        Count 13.  With respect to the charge in Count 13

12  of the indictment, use, carry, brandish, and discharge a

13  firearm during and in relation to a crime of violence as

14  charged in Count 12 of the indictment, we unanimously find

15  the defendant, Jorge Flores:

16        Guilty.

17        Asked to proceed to a question below in the event

18  of finding the defendant guilty, on Count 13, the jury

19  answered that question, and I will read that.

20        We, having found the defendant guilty of the

21  offense charged in Count 13 of the indictment, further

22  unanimously find as follows:

23        We further unanimously find that a firearm was

24  used or carried during and in relation to the attempted

25  murder in aid of racketeering charged in Count 12 in the

following ways:

The jury checked: Used or carried a firearm, brandished a firearm, and discharged a firearm, all three.

Count 14. With respect to the charge in Count 14 of the indictment, conspiracy to commit murder in aid of racketeering of Jorge Luis Antunez-Vasquez, Hansy Sanchez, or Hector Venturas, we unanimously find the defendant, Jorge Flores:

Guilty.

Count 15. With respect to the charge in Count 15 of the indictment, attempted murder in aid of racketeering of Jorge Luis Antunez-Vasquez, Hansy Sanchez, or Hector Venturas, we unanimously find the defendant, Jorge Flores:

Guilty.

Count 16. With respect to the charge in Count 16 of the indictment, use, carry, brandish, and discharge a firearm during and in relation to a crime of violence as charged in Count 15 of the indictment, we unanimously find the defendant, Jorge Flores:

Guilty.

Asked to proceed to a question if they did find the defendant guilty on Count 16, the jury answered that question. I will read it:

We further unanimously find that a firearm was used or carried during and in relation to the attempted

murder in aid of racketeering charged in Count 15 in the following ways:

The jury checked each of the following:  Used or carried a firearm, brandished a firearm, discharged a firearm.

Count 19.  With respect to the charge in Count 19 of the indictment, conspiracy to commit murder in aid of racketeering of Ammerli Garcia-Munoz, we unanimously find the defendant, Jorge Flores:

Guilty.

Count 20.  With respect to the charge in Count 20 of the indictment, murder in aid of racketeering activity of Ammerli Garcia-Munoz, we unanimously find the defendant, Jorge Flores:

Guilty.

Count 21.  With respect to the charge in Count 21 of the indictment, use, carry, brandish, and discharge a firearm during and in relation to a crime of violence as charged in Count 20 of the indictment, we unanimously find the defendant, Jorge Flores:

Guilty.

Asked in the event of a guilty verdict on Count 21 to answer a question, the jury answered it as follows.  The question:

We further unanimously find that a firearm was

1 used or carried during and in relation to the murder in aid

2 of racketeering charged in Count 20 in the following ways:

3         The jury checked each one of the following: Used

4 or carried a firearm, brandished a firearm, discharged a

5 firearm.

6         Count 22. With respect to the charge in Count 22

7 of the indictment, causing death through use of a firearm of

8 Ammerli Garcia-Munoz, we unanimously find the defendant,

9 Jorge Flores:

10         Guilty.

11         With respect to the charge in Count 23 of the

12 indictment, conspiracy to commit murder in aid of

13 racketeering of Jesus Flores and Luis Roserio-Loyo, we

14 unanimously find the defendant, Jorge Flores:

15         Guilty.

16         Count 24. With respect to the charge in Count 24

17 of the indictment, murder in aid of racketeering activity of

18 Jesus Flores, we unanimously find the defendant, Jorge

19 Flores:

20         Guilty.

21         Count 25. With respect to the charge in Count 25

22 of the indictment, use, carry, brandish, and discharge a

23 firearm during and in relation to a crime of violence as

24 charged in Count 24 of the indictment, we unanimously find

25 the defendant, Jorge Flores:

1    Guilty.

2    Asked in the event of a guilty verdict on that

3    count, the Court proceeded to the following question:

4    We further unanimously find that a firearm was

5    used during and in relation to the murder in aid of

6    racketeering activity charged in Count 24 in the following

7    ways:

8    And they checked each of the following:  Used or

9    carried a firearm, brandished a firearm, discharged a

10    firearm.

11    Count 26.  With respect to the charge in Count 26

12    of the indictment, causing death through use of a firearm of

13    Jesus Flores, we unanimously find the defendant, Jorge

14    Flores:

15    Guilty.

16    With respect to the charge in Count 27 of the

17    indictment, attempted murder in aid of racketeering of Luis

18    Roserio-Loyo, we unanimously find the defendant, Jorge

19    Flores:

20    Guilty.

21    Count 28.  With respect to the charge in Count 28

22    of the indictment, use, carry, brandish, and discharge a

23    firearm during and in relation to a crime of violence, as

24    charged in Count 27 of the indictment, we unanimously find

25    the defendant, Jorge Flores:

1    Guilty.

2    Asked to answer an additional question in the

3    event of a guilty verdict on that count, the jury proceeded

4    to the following question:

5    We further unanimously find that a firearm was

6    used or carried during and in relation to the attempted

7    murder in aid of racketeering charged in Count 27 in the

8    following ways.

9    The jurors checked each of the following:  Used

10   or carried a firearm, brandished a firearm, discharged a

11   firearm.

12   Count 38.  With respect to the charge in Count 38

13   of the indictment, possession of a firearm by a convicted

14   felon, we unanimously find the defendant, Jorge Flores:

15   Guilty.

16   Count 47.  With respect to the charge in Count 47

17   of the indictment, conspiracy to commit murder in aid of

18   racketeering of Arling Laines, we unanimously find the

19   defendant, Jorge Flores:

20   Guilty.

21   Count 48.  With respect to the charge in Count 48

22   of the indictment, murder in aid of racketeering activity of

23   Arling Laines, we unanimously find the defendant, Jorge

24   Flores:

25   Guilty.

1    Count 49.  With respect to the charge in Count 49

2  of the indictment, use, carry, brandish, and discharge a

3  firearm during and in relation to a crime of violence as

4  charged in Count 48 of the indictment, we unanimously find

5  the defendant, Jorge Flores:

6    Guilty.

7    Asked in the event of a guilty verdict on this

8  count to proceed to an additional question, the jurors

9  answered the following question:  We further unanimously

10  find that a firearm was used during and in relation to the

11  murder in aid of racketeering activity charged in Count 48

12  in the following ways.

13    The jurors checked all three:  Used or carried a

14  firearm, brandished a firearm, discharged a firearm.

15    Count 50.  With respect to the charge in Count 50

16  of the indictment, causing death through use of a firearm of

17  Arling Laines, we unanimously find the defendant, Jorge

18  Flores:

19    Guilty.

20    Count 51.  With respect to the charge in Count 51

21  of the indictment, obstruction of justice, we unanimously

22  find the defendant, Jorge Flores:

23    Guilty.

24    Count 52.  With respect to the charge in Count 52

25  of the indictment, destruction of evidence, we unanimously

find the defendant, Jorge Flores:

Guilty.

Count 53.  With respect to the charge in Count 53 of the indictment, possession with the intent to distribute cocaine, we unanimously find the defendant, Jorge Flores:

Guilty.

Count 54.  With respect to the charge in Count 54 of the indictment, possession of a firearm by a convicted felon, we unanimously find the defendant, Jorge Flores:

Guilty.

Finally, Count 55.  With respect to the charge in Count 55 of the indictment, possession of a firearm in furtherance of a drug trafficking crime, to wit, the possession with the intent to distribute cocaine as charged in Count 2 of the indictment or the possession with the intent to distribute cocaine as charged in Count 53 of the indictment, we unanimously find the defendant, Jorge Flores:

Guilty.

Signed by the foreperson, dated May the 2nd, 2023.

We'll proceed next to the verdict form for Mr. Pineda-Caceres.  And it reads as follows:

We, the jury, unanimously find the following. Count 1, with respect to the charge in Count 1 of the indictment, RICO conspiracy, we unanimously find the

1  defendant, Jose Pineda-Caceres:

2         Guilty.

3         In the event of conviction, the jurors were asked

4  to answer two additional questions, so the Court will read

5  those questions and the answers.

6         No. 1.  We, having found the defendant guilty of

7  the offense charged in Count 1, further unanimously find

8  that as part of that offense, the defendant, on or about

9  April the 6th, 2016, did intentionally and with

10  premeditation kill Jorge Alejandro Potter Alvarado or aided

11  and abetted the killing in violation of Tennessee Code

12  Annotated, Sections 39-13-202, 39-11-401, and 39-11-402 as

13  alleged in Special Sentencing Factor No. 1, paragraph 25, of

14  the indictment.

15         The jury checked yes.

16         Second question.  We, having found the defendant

17  guilty of the offense charged in Count 1, further

18  unanimously find that as part of that offense, the

19  defendant, on or about July 31st, 2016, did intentionally

20  and with premeditation kill Liliana Rodriguez or aided and

21  abetted the killing in violation of Tennessee Code

22  Annotated, Sections 39-13-202, 39-11-401, and 39-11-402 as

23  alleged in Special Sentencing Factor No. 2, paragraph 26, of

24  the indictment.

25         The jury checked yes.

 1          Count 2.  With respect to the charge in Count 2
 2  of the indictment, conspiracy to distribute and possess with
 3  the intent to distribute cocaine and marijuana, we
 4  unanimously find the defendant, Jose Pineda-Caceres:
 5          Guilty.
 6          Asked to answer an additional question in the
 7  event of a guilty verdict on this count, the Court -- or the
 8  jury proceeded to the following question:
 9          We, having found the defendant guilty of the
10  offense charged in Count 2, further unanimously find that as
11  part of that offense, the defendant conspired to distribute
12  or possess with the intent to distribute cocaine, and that
13  it was foreseeable to the defendant that the conspiracy
14  involved the distribution of or possession with intent to
15  distribute the following.
16          For a quantity range, the jury selected:
17  500 grams or more of cocaine.
18          Count 4.  With respect to the charge in Count 4
19  of the indictment, murder in aid of racketeering activity of
20  Jorge Alejandro Potter Alvarado, we unanimously find the
21  defendant, Jose Pineda-Caceres:
22          Guilty.
23          Count 5.  With respect to the charge in Count 5
24  of the indictment, causing death through use of a firearm of
25  Jorge Alejandro Potter Alvarado, we unanimously find the

defendant, Jose Pineda-Caceres:

Guilty.

Count 7.  With respect to the charge in Count 7 of the indictment, conspiracy to commit murder in aid of racketeering of Rodrigo Rodriguez, we unanimously find the defendant, Jose Pineda-Caceres:

Guilty.

Count 8.  With respect to the charge in Count 8 of the indictment, murder in aid of racketeering activity of Liliana Rodriguez, we unanimously find the defendant, Jose Pineda-Caceres:

Guilty.

Count 9.  With respect to the charge in Count 9 of the indictment, use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, we unanimously find the defendant, Jose Pineda-Caceres:

Guilty.

Asked in the event of a guilty verdict on that count to proceed to additional question, the jury proceeded to that question.  It reads as follows:

We further unanimously find that a firearm was used or carried during and in relation to the murder in aid of racketeering activity charged in Count 8 in the following ways.

The jury selected each of the following ways:

Used or carried a firearm, brandished a firearm, discharged a firearm.

Finally, Count 10.  With respect to the charge in Count 10 of the indictment, causing death through use of a firearm of Liliana Rodriguez, we unanimously find the defendant, Jose Pineda-Caceres:

Guilty.

Signed by the foreperson, dated May the 2nd, 2023.

And we proceed to the final verdict form, that of Mr. Tidwell.  And it reads as follows.

We, the jury, unanimously find the following:

With respect to the charge in Count 1 of the indictment, RICO conspiracy, we unanimously find the defendant, Kevin Tidwell:

Guilty.

Asked to answer two additional questions in the event of a guilty plea -- or excuse me -- a guilty verdict on Count 1, the jury proceeded to these questions.

No. 1.  We, having found the defendant guilty of the offense charged in Count 1, further unanimously find that as part of that offense, the defendant, on or about May 21st, 2017, did intentionally and with premeditation kill Ammerli Garcia-Munoz or aided and abetted the killing in violation of Tennessee Code Annotated, Sections

1  39-13-202, 39-11-401, and 39-11-402 as alleged in Special

2  Sentencing Factor No. 3, paragraph 27, of the indictment.

3       The jury selected yes.

4       No. 2.  We, having found the defendant guilty of

5  the offense charged in Count 1, further unanimously find

6  that as part of that offense, the defendant, on or about

7  May 27th, 2017, did intentionally and with premeditation

8  kill Jesus Flores or aided and abetted the killing in

9  violation of Tennessee Code Annotated, Sections 39-13-202,

10 39-11-401, and 39-11-402 as alleged in Special Sentencing

11 Factor No. 4, paragraph 28 of the indictment.

12      The jury selected yes.

13      Count 19.  With respect to the charge in Count 19

14 of the indictment, conspiracy to commit murder in aid of

15 racketeering of Ammerli Garcia-Munoz, we unanimously find

16 the defendant, Kevin Tidwell:

17      Guilty.

18      With respect to the charge in Count 20 of the

19 indictment, murder in aid of racketeering activity of

20 Ammerli Garcia-Munoz, we unanimously find the defendant,

21 Kevin Tidwell:

22      Guilty.

23      Count 21.  With respect to the charge in Count 21

24 of the indictment, use, carry, brandish, and discharge a

25 firearm during and in relation to a crime of violence as

1  charged in Count 20 of the indictment, we unanimously find

2  the defendant, Kevin Tidwell:

3          Guilty.

4          Asked to proceed to an additional question in the

5  event of a guilty verdict on this count, the jury proceeded

6  to that question which reads as follows:  We further

7  unanimously find that a firearm was used or carried during

8  and in relation to the murder in aid of racketeering charged

9  in Count 20 in the following ways.

10         The jury checked each of the following ways:

11  Used or carried a firearm, brandished a firearm, and

12  discharged a firearm.

13         With respect -- and now we're talking about

14  Count 22.  With respect to the charge in Count 22 of the

15  indictment, causing death through use of a firearm of

16  Ammerli Garcia-Munoz, we unanimously find the defendant,

17  Kevin Tidwell:

18         Guilty.

19         Count 23:  With respect to the charge in Count 23

20  of the indictment, conspiracy to commit murder in aid of

21  racketeering of Jesus Flores and Luis Roserio-Loyo, we

22  unanimously find the defendant, Kevin Tidwell:

23         Guilty.

24         Count 24.  With respect to the charge in Count 24

25  of the indictment, murder in aid of racketeering activity of

```
1   Jesus Flores, we unanimously find the defendant, Kevin
2   Tidwell:
3              Guilty.
4              Count 25.  With respect to the charge in Count 25
5   of the indictment, use, carry, brandish, and discharge a
6   firearm during and in relation to a crime of violence as
7   charged in Count 24 of the indictment, we unanimously find
8   the defendant, Kevin Tidwell:
9              Guilty.
10             In the event of a guilty verdict on that count,
11  the jury was asked to answer the following question:
12             We further unanimously find that a firearm was
13  used or carried during and in relation to the murder in aid
14  of racketeering activity charged in Count 24 in the
15  following ways.
16             The jury selected each of the following ways:
17  Used or carried a firearm, brandished a firearm, discharged
18  a firearm.
19             Count 26.  With respect to the charge in Count 26
20  of the indictment, causing death through use of a firearm of
21  Jesus Flores, we unanimously find the defendant, Kevin
22  Tidwell:
23             Guilty.
24             Count 27.  With respect to the charge in Count 27
25  of the indictment, attempted murder in aid of racketeering
```

1  of Luis Roserio-Loyo, we unanimously find the defendant,

2  Kevin Tidwell:

3          Guilty.

4          Count 28.  With respect to the charge in Count 28

5  of the indictment, use, carry, brandish, and discharge a

6  firearm during and in relation to a crime of violence as

7  charged in Count 27 of the indictment, we unanimously find

8  the defendant, Kevin Tidwell:

9          Guilty.

10          Asked in the event of a guilty verdict on that

11  count to proceed to an additional question, the jury did so.

12  The question reads as follows:

13          We further unanimously find that a firearm was

14  used or carried during and in relation to the attempted

15  murder in aid of racketeering charged in Count 27 in the

16  following ways.

17          The jury selected each of the following ways:

18  Used or carried a firearm, brandished a firearm, discharged

19  a firearm.

20          And finally, on Count 29.  With respect to the

21  charge in Count 29 of the indictment, unlawful possession of

22  a firearm by a convicted felon, we unanimously find the

23  defendant, Kevin Tidwell:

24          Guilty.

25          Signed by the foreperson, dated May the 2nd,

1  2023.

2          So from the reading of the verdict forms, it is

3  clear that the verdict forms reflect that the jury has found

4  each of the three defendants, Mr. Flores,

5  Mr. Pineda-Caceres, and Mr. Tidwell, guilty on all counts.

6          Next, I'm going to ask each of the jurors one by

7  one whether these, in fact, are their verdicts.  And again,

8  the question is whether, when I say these are your verdicts,

9  that is a guilty verdict against each defendant on all

10  counts.  I'm going to refer to each juror by their number.

11  It will be their seat number throughout the trial, and we'll

12  proceed that way.

13          Juror No. 1, are these your verdicts?

14          **JUROR NO. 1:**  Yes.

15          **THE COURT:**  Juror No. 2, are these your verdicts?

16          **JUROR NO. 2:**  Yes.

17          **THE COURT:**  Juror No. 3, are these your verdicts?

18          **JUROR NO. 3:**  Yes, sir.

19          **THE COURT:**  Juror No. 4, are these your verdicts?

20          **JUROR NO. 4:**  Yes.

21          **THE COURT:**  Juror No. 5, are these your verdicts?

22          **JUROR NO. 5:**  Yes, Your Honor.

23          **THE COURT:**  Juror No. 6, are these your verdicts?

24          **JUROR NO. 6:**  Yes.

25          **THE COURT:**  Juror No. 7, are these your verdicts?

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | **JUROR NO. 7:**  Yes, Your Honor.                                   |
| 2  | **THE COURT:**  And Juror No. 9, are these your                     |
| 3  | verdicts?                                                            |
| 4  | **JUROR NO. 9:**  Yes, sir.                                          |
| 5  | **THE COURT:**  Juror No. 10, are these your                        |
| 6  | verdicts?                                                            |
| 7  | **JUROR NO. 10:**  Yes.                                              |
| 8  | **THE COURT:**  Juror No. 11, are these your                        |
| 9  | verdicts?                                                            |
| 10 | **JUROR NO. 11:**  Yes, sir.                                         |
| 11 | **THE COURT:**  Juror No. 12, are these your                        |
| 12 | verdicts?                                                            |
| 13 | **JUROR NO. 12:**  Yes.                                              |
| 14 | **THE COURT:**  Are you sure?                                        |
| 15 | **JUROR NO. 12:**  (Nodding head affirmatively.)                    |
| 16 | **THE COURT:**  All right.                                           |
| 17 | Juror No. 13, are these your verdicts?                               |
| 18 | **JUROR NO. 13:**  Yes, Your Honor.                                 |
| 19 | **THE COURT:**  All right.  Thank you.                              |
| 20 | Next, I'm going to ask our court security officer                   |
| 21 | to deliver these to counsel, first at the defense table, and        |
| 22 | then over to the prosecution table, to inspect the verdict          |
| 23 | forms.                                                               |
| 24 | (Respite.)                                                          |
| 25 | **THE COURT:**  All right.  Want to ask counsel for                 |

1   the various parties whether they are satisfied as to the

2   form of the completion of the verdict forms.  This is not a

3   question about a view about the verdicts themselves.

4   Regarding the completion of the verdict form, though,

5   Mr. Gulotta, any objection?

6           **MR. GULOTTA:**  No, Your Honor.

7           **THE COURT:**  Thank you.

8           Regarding the completion of the verdict form, its

9   form of completion, Mr. Lucas, any objection?

10          **MR. LUCAS:**  No objection.

11          **THE COURT:**  Thank you.  And, Mr. Bloom, regarding

12  the form of the completion of the verdict form, any

13  objection?

14          **MR. BLOOM:**  No, Your Honor.

15          **THE COURT:**  Thank you.

16          Mr. Safeeullah, regarding the form of the

17  completion of the verdict forms, any objection?

18          **MR. SAFEEULLAH:**  No, Your Honor.

19          **THE COURT:**  All right.  Thank you.

20          I am going to ask counsel one by one if they're

21  aware of any reason why this jury cannot be discharged at

22  this time.

23          Mr. Gulotta, are you aware of any reason?

24          **MR. GULOTTA:**  No, Your Honor.

25          **THE COURT:**  Thank you.  Mr. Lucas, are you aware

1  of any reason?

2          **MR. LUCAS:**  No, Your Honor.

3          **THE COURT:**  And, Mr. Bloom, are you aware of any

4  reason?

5          **MR. BLOOM:**  No, Your Honor.

6          **THE COURT:**  Thank you.

7          And Mr. Safeeullah?

8          **MR. SAFEEULLAH:**  No, Your Honor.

9          **THE COURT:**  All right.  Thank you, counsel.

10         All right.  Folks on the jury, this was obviously

11 a lengthy case and a serious case.  We appreciate your

12 attention to the important matters set forth in this case

13 and your service which took place over a number of weeks.

14 It is, of course, always gratifying to the Court when we are

15 able to conclude before we said we would because we are

16 aware that jurors' time is very valuable.  Your time is very

17 important, just as the matters that we are addressing in

18 this trial are valuable, and it is good that we do not

19 impose any more than we said we would, and I'm glad that we

20 were able to conclude the trial in a timely manner.

21         We are also glad for your service, taking upon

22 yourselves the obligation and the duty, when you were

23 selected for service on this trial, to listen closely to the

24 testimony, review all the evidence, and do your duty to

25 return the verdict that the jurors were unanimously agreed

1  upon.  We're very appreciative of that.

2          What I would say next is this, and this is not a

3  requirement of anyone.  So in a moment here, I'm going to

4  dismiss you and you'll be free to leave.  For those jurors,

5  including alternates, that do wish to remain behind in the

6  jury room, it wouldn't take me very long, but I would like

7  to come back and extend further thanks.

8          And also, what's important to me as a judge and

9  this court as an institution would be to discuss with you

10 your experience as jurors.  That helps us know what we can

11 do better as a court to accommodate our jurors, to be more

12 efficient, to see where they're coming from, to make sure

13 that as an organization that needs to be cognizant of

14 jurors' needs, that we are doing the best we can.

15         For those folks that are willing to stay and have

16 that discussion, I'd be grateful, and for those that don't

17 wish to do so, that's perfectly understood.  No obligation

18 whatsoever.

19         So with our thanks, I'm going to dismiss you.

20 Whenever you do leave, be it before or after meeting with

21 me, whether you end up meeting with me or not, please do

22 check back in at the jury assembly room one last time before

23 heading out.

24         The jurors therefore may step down with our

25 thanks.  Thank you.

1    (WHEREUPON, the jury was excused from the
2  courtroom and discharged from further service at 3:02 p.m.,
3  with the following matters being heard in open court as
4  follows:)
5          **THE COURT:**  All right.  Thank you.  Please be
6  seated.
7          All right.  Let's talk about a couple of
8  scheduling issues.  Of course, I had deferred a ruling on
9  the Rule 29 motion.  And, you know, to me, it's interesting,
10 if you look at the timing of briefing after the trial is
11 over on a Rule 29 motion, 29(c)(1) has sort of this 14-day
12 deadline.  You can't quite tell whether that deadline
13 applies, you know, to any briefing that might be ordered in
14 a case where a Rule 29 motion was reserved by the Court.  I
15 don't think it does apply.
16         I do think that in any event, the Court could,
17 you know, be flexible, depending on how the defendants want
18 to proceed, in terms of when any briefing in connection with
19 that Rule 29 motion would be submitted.
20         The way I want to proceed on this important
21 scheduling matter -- and I want to address it right now at
22 least for starters, is to see whether any defense counsel
23 right at this moment has a proposal for any such briefing.
24 And the proposals could be anything from, well, Judge, we
25 prefer not to do any briefing.  We'd like to do an argument

1    in court.  You should either do a brief or an argument.

2            But you could say that.  You could say, we want

3    to brief it within X number of days.  You could say we want

4    a transcript of the trial and brief it within X number of

5    days after that.  I'm open to suggestions, but want to see

6    if anyone has any ideas right at present.

7            You'd be well within your rights to want to think

8    about that.  Anyone have any particular take on it right

9    now?

10           Okay.  Let me, since you are able to speak with

11   one voice for one side rather than having three different

12   obviously defense teams on the other side, Mr. Safeeullah,

13   can I ask you to have a discussion with defense counsel to

14   see if there can be an understanding reached about the

15   defendants having an opportunity to present their Rule 29

16   motions on a post-trial basis?

17           **MR. SAFEEULLAH:**  Yes, Your Honor.  We'll be glad

18   to do that.

19           **THE COURT:**  Thank you for that.  And if the

20   parties are able to present a joint proposal, I'm inclined

21   to, of course, allow the parties' joint plan to proceed.

22           If there's a disagreement for some reason, then I

23   will resolve it, but if there's a way for the parties to

24   agree about how they want to proceed, I'm inclined to

25   accommodate the parties.

1          Now, related --

2          Do you need a moment, Mr. Lucas?  I mean, that's

3    fine if you do.

4          Do you need a moment, Mr. Hawkins?

5          **MR. HAWKINS:**  Your Honor, my client is asking

6    about the separation order in the jail.  I'll talk to him

7    about it and then I'll make an inquiry of the Court.  He's

8    wondering about whether that's going to be still in effect,

9    and I don't really -- I'll talk to him about it and then

10   address it with the Court.

11         **THE COURT:**  Okay.  If you need to file something

12   with us on that, let us know.  And, you know, I would think,

13   you know, if you think anything informally in the discretion

14   of the Marshals Service could be informative, you can always

15   go that route as well.  Of course, I don't tell the Marshals

16   what to say or not to say, but that's one way to also

17   explore it.

18         All right.  Now, the next thing would be a

19   sentencing date, and I realize there are a lot of factors

20   that could go into this, the preparation that may be

21   required, the timing of any resolution of a Rule 29 motion

22   and so forth.  But I do want to get something on the

23   calendar, and we're going to err on the side of doing it

24   earlier, understanding that may need to be pushed back for a

25   variety of reasons.

1     We would be looking at -- and the way I see it,

2  when we -- be looking at, you know, right at the end of four

3  months, right?  It would be right at four months, you know,

4  which is kind of the general time frame this Court's been

5  going at recently.  And so if we set it right within that

6  four-month time frame, there are a couple of dates that we

7  could set this on.  One is Wednesday, August 30th, in the

8  afternoon.

9     And the way I would do it would be -- well, let

10  me back up and say it this way.  I'm going to schedule each

11  defendant's sentencing separately in any event.  And, one,

12  it seems to me that, for example, there are probably three

13  or four slots that would, I think, be appropriate to offer,

14  understanding that, you know, it's always hard to say how

15  long a sentencing would take.  Sentencings can take a long

16  time.

17     But when we slot some things initially, we might

18  just allow a two-hour block initially, just for scheduling

19  purposes, and then see if we need to tweak it.  Obviously,

20  in serious cases, more time may be required.

21     What I'm inclined to do is offer the following

22  two-hour blocks:  Wednesday, August the 30th, at 1:00 and

23  3:00; and Thursday, August 31st, at 1:00 and 3:00.

24     Any reason at least, you know, as a placeholder,

25  Mr. Gulotta, that for Mr. Tidwell, Thursday, August 31st at

1    1:00 p.m. wouldn't work?

2              **MR. GULOTTA:**  That should work, Your Honor.

3              **THE COURT:**  Thank you, sir.  All right.

4    Mr. Lucas, what about, again, understanding this is sort of

5    a placeholder, but Thursday, August 31st at 3:00 p.m.?

6              **MR. LUCAS:**  Your Honor, that should work.

7              **THE COURT:**  All right.  Thank you.  And

8    Mr. Bloom, Mr. Hawkins, what about August 30th at 1:00 p.m.

9    for Mr. Pineda-Caceres?

10             **MR. HAWKINS:**  That's fine, Your Honor.

11             **THE COURT:**  All right.  Thank you.

12             Mr. Safeeullah, what about those as placeholders,

13   from the government's perspective?

14             **MR. SAFEEULLAH:**  They all work for the United

15   States.

16             **THE COURT:**  All right.  Thank you.  So we'll get

17   out orders setting those sentencing dates, and, you know,

18   we'll see how it goes.  Those will be on the calendar,

19   though, for now.

20             Now, I wanted to make a few comments about the

21   way that the case was litigated.  These are very serious

22   charges, obviously, and they matter a great deal to all the

23   parties.

24             I wanted to commend counsel from my perspective

25   on something that I saw, which is that I didn't see either

1    side wasting each other's time or the Court's time with

2    immaterial things.  I personally had the sense that counsel

3    were working to reasonably cooperate with each other where

4    that was in their mutual interests, and where neither side

5    would prejudice their client by making reasonable

6    accommodations.  And when you accommodate one side, I'm

7    confident that you will find that you get accommodations

8    coming back the other way.

9           And counsel should be commended for working to

10   agree on things where they could rather than disagree or be

11   difficult for the sake of disagreeing.

12          Now, Mr. Ganguli had asked potential jurors

13   during the jury voir dire if they would hold it against him

14   if he -- and I'm paraphrasing Mr. Ganguli -- but if they

15   would hold it against him if he presented himself as, you

16   know, polite and respectful to his adversaries.  Would the

17   jurors think that that would mean that he's not a zealous

18   advocate for his client, doesn't believe in his client.

19   That's how I'd paraphrase what he said.

20          And that, I think, is an appropriate question,

21   because when -- sometimes it's important for no one to get

22   the impression that if counsel isn't being difficult or a

23   jerk just to be difficult or a jerk, that they aren't being

24   a good and zealous advocate.

25          I think that we found here, from my perspective,

1    advocacy that was very, on both sides, intentional.  It was

2    zealous without being difficult, rude, or disrespectful,

3    just to be that way.  And I think counsel are to be

4    commended for that.

5          I found that, you know, looking at the defense

6    side, that counsel were deliberate in their choices in where

7    to focus the jury's attention rather than taking a shotgun

8    approach of making an issue out of everything just to make

9    an issue out of something.  I think defense counsel are to

10   be commended for trying the case in that manner, trying to

11   focus their efforts on where they thought the defense could

12   get the most traction.  And I wanted to commend defense

13   counsel for that.

14         From the government's perspective, what I would

15   say is that they were very efficient in their presentation.

16   And that's important to the court as an institution because

17   it's most -- the main thing is that in addition to being

18   respectful of everyone's time in the system, it's

19   particularly respectful to the jurors' time.  When the

20   government's efficient in putting on its case in chief; that

21   is, having witnesses ready to go, getting them on and off,

22   being ready to start up when the Court is ready to start up,

23   that's respectful to the jurors, and the government should

24   be commended for that.

25         All right.  Is there anything else that we need

1    to discuss at this time from your perspective,

2    Mr. Safeeullah?

3                MR. SAFEEULLAH:  No, Your Honor.

4                THE COURT:  Thank you.  Mr. Gulotta, anything

5    from you?

6                MR. GULOTTA:  Nothing further, Your Honor.

7                THE COURT:  All right.  And Mr. Lucas, anything

8    from you?

9                MR. LUCAS:  No, Your Honor.

10                THE COURT:  And Mr. Bloom and Mr. Hawkins,

11    anything from you?

12                MR. BLOOM:  No, Your Honor.

13                THE COURT:  All right.  Thank you, counsel.  We

14    stand in recess.

15                (WHEREUPON, the foregoing proceedings were

16    concluded at 3:14 p.m.)

17

18

19

20

21

22

23

24

25

```
 1   REPORTER'S CERTIFICATE

 2

 3              I, Deborah K. Watson, Official Court Reporter for

 4   the United States District Court for the Middle District of

 5   Tennessee, with offices at Nashville, do hereby certify:

 6              That I reported on the Stenograph machine the

 7   proceedings held in open court on May 2, 2023, in the matter

 8   of *UNITED STATES OF AMERICA vs. JORGE FLORES, ET AL.*, Case

 9   No. 3:18-cr-00293; that said proceedings in connection with

10   the hearing were reduced to typewritten form by me; and that

11   the foregoing transcript (Trial Volume 18 of 18, pages 1

12   through 37) is a true and accurate record of said

13   proceedings.

14              This the 24th day of July, 2023.

15

16                             /s/ Deborah K. Watson
                               DEBORAH K. WATSON, RPR, CRR
17                             Official Court Reporter

18

19

20

21

22

23

24

25
```